*13 IVERS, Judge, filed the opinion of the Court. KRAMER, Chief Judge, filed a concurring opinion.
IVERS, Judge.
The veteran has appealed only one part of a February 10, 2000, decision of the Board of Veterans’ Appeals (BVA or Board), and only that part of the Board’s decision is addressed herein. The veteran framed the issue on appeal as whether the Board incorrectly determined that his 1969 claim for service connection for a back disability was no longer an open claim. The unique factual and procedural circumstances of this case call for an opinion of the Court. See Frankel v. Derwinski, 1 Vet.App. 23, 25-26 (1990).
At oral argument, the Court, hearing no objection from counsel for the veteran, deemed as filed the Secretary’s motions for leave to file a supplement to the record on appeal and a supplemental brief, and the attendant documents. The motions for leave to file have thereby been granted, and the supplemental record on appeal and the Secretary’s supplemental brief are filed.
I. FACTS
Upon his discharge from active service in the U.S. Army, the veteran filed a claim for VA benefits with respect to, among other conditions, stiffness in his back. Record (R.) at 12,15. A July 30, 1969, VA regional office (RO) decision regarding his claim found that his back stiffness was in the region of his lumbar spine, was developmental, and was not a disability under the law. R. at 15-16. The veteran did not appeal the RO decision.
In 1982, the veteran sought to reopen his claim regarding his lower back. R. at 18-19, 22. In a decision dated September 24, 1982, the RO found that “[sjervice connection ha[d] previously been denied for developmental anomalies, lumbar spine.” R. at 24. The RO notified the veteran of the decision regarding his lower-back claim in one sentence of an October 12, 1982, letter: “Service connection has previously been denied for developmental anomalies, lumbar spine.” R. at 28. The veteran did not appeal this RO decision.
In a letter to the RO, dated April 17, 1998, the veteran, through counsel, asserted that he had never been notified of the 1969 denial of his lower back claim, and requested a formal decision on that claim. R. at 55. The RO responded, in a May 18, 1998, letter, stating as follows:
A thorough review of our records does not indicate that proper notification was forwarded to Mr. Ruffin at the time a decision was made on this claim in 1969. However, in [a VA] letter dated October 8, 1982, Mr Ruffin was notified that his claim for a spinal disorder had previously been denied. Based on this information, the notification forwarded in 1982 finalized this issue and the appeal rights have expired.
R. at 57. The RO noted that the October 8, 1982, VA letter listed “developmental anomalies” among conditions for which service connection had not been established. R. at 26. Presumably, the RO considered the veteran’s developmental anomalies in his lumbar spine as one of these “developmental anomalies.”
On May 27, 1998, the veteran filed a Notice of Disagreement concerning the disposition communicated in the May 18, 1998, RO letter. R. at 59. In the February 10, 2000, decision on appeal, the Board concluded that the RO had denied service connection for a back disability in 1969, and that the September 1982 RO decision confirmed and continued the July 1969 denial. R. at 3. In response to the veteran’s contention that he was not notified of the 1969 denial, the Board concluded: “By *14 means of a September 1982 rating action, service connection for a lumbar spine disability was denied. The veteran was notified of this continued denial of service connection and furnished with a copy of his procedural and appellate rights in October 1982.” R. at 4.
II. ANALYSIS
In 1969, the regulation addressing VA’s duty to notify claimants of RO decisions read as follows:
[T]he claimant will be notified of any decision authorizing the payment of benefit or disallowance of a claim. Notice will include the reason for the decision, the claimant’s right to initiate an appeal by filing a notice of disagreement and the time limits within which such notice may be filed.
38 C.F.R. § 3.103 (1969). In addressing the veteran’s contention that he was not notified of the 1969 RO denial of his lower-back claim, the Board, at the very least, failed to comply with the regulatory requirement that a reason be provided for the 1969 denial. See R. at 3-4.
The attempt to have the October 8,1982, denial letter construed as a denial of the 1969 lower-back claim is likewise insufficient. See R. at 26. The October 12,1982, RO letter, stating that “[sjerviee connection ha[d] previously been denied for developmental anomalies, lumbar spine,” cannot stand as a denial of the 1969 claim in compliance with the governing regulation, 38 C.F.R. § 3.103. See R. at 28. For these reasons, the Court holds that the Board did not provide adequate reasons or bases to support its decision that the veteran was notified of the 1969 denial of service connection, in compliance with the governing regulation. See 38 U.S.C. § 7104(d).
During the oral argument for this appeal, it became abundantly clear that whether the veteran was properly notified of the denial of his 1969 lower-back claim is an unresolved factual matter. This Court is precluded from making findings of fact in the first instance. See Sanchez-Benitez v. Principi, 259 F.3d 1356, 1363 (Fed.Cir.2001); Hensley v. West, 212 F.3d 1255, 1264 (Fed.Cir.2000). For that reason, the Court will leave open the question that initiated this action, first raised in the veteran’s April 1998 letter to the RO.
Also during the oral argument, counsel for the veteran averred that the primary purpose of the appeal is to preserve the 1969 claim date, on the chance that the veteran might receive a grant of service connection for his lower-back condition through some later claim. This argument is, of course, premature. The Court, taking due account of the rule of prejudicial error, 38 U.S.C. § 7261(b), takes no action that is not required to dispose properly of the present appeal.
III. CONCLUSION
Based on the record, as supplemented, and the pleadings filed for this appeal, and consistent with this opinion, the February 10, 2000, BVA decision is VACATED as to the issue of whether the veteran’s 1969 claim for service connection for a back disability remains an open claim, and that matter is REMANDED for further adjudication.